## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MILTON HOLT,**

       **Plaintiff,**

                                      **CASE NO.:   8:18-cv-02082-VMC-CPT**

**v.**

**HYDRAULIC HOSE OF
HILLSBOROUGH LLC
d/b/a PIRTEK East Bay,
PIRTEK USA LLC, and
FLORIDA RESOURCE
MANAGEMENT LLC,**

       **Defendants.**

_____/

### PLAINTIFF'S/DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF/OPPOSITION TO PLAINTIFF'S/DEFENDANT'S DISPOSITIVE MOTION

Plaintiff, MILTON HOLT, by and through undersigned counsel, hereby files this response in opposition to Defendant's, PIRTEK USA LLC ("Defendant"), Motion to Dismiss Plaintiff's Amended Complaint, or in the alternative, for a more definite statement. (Dkt. 26). As stated herein, this Court should deny Defendant's motions as Plaintiff's claims are sufficiently stated. In support thereof, Plaintiff states as follows:

### INTRODUCTION

This is an action for damages due to Defendants' violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 (2012) *et seq*., and for unpaid wages under Florida common law. Plaintiff is a reservist for the United States military. When Plaintiff required time off from work to complete his service requirements, Defendants terminated his employment in retaliation

for engaging in protected activity. A plain reading of the USERRA and the Complaint demonstrate that (1) USERRA prohibits employers, such as Defendants, from retaliating against a service member because of their service requirements; (2) USERRA's definition of "employer" is extremely broad; (3) Defendant Pirtek USA LLC is an employer under USERRA as it is a successor in interest to Defendant, Hydraulic Hose Of Hillsborough LLC d/b/a Pirtek East Bay; (4) Plaintiff requested time off to complete his service requirements in April 2018; (5) Defendant complained about Plaintiff's services requirements and terminated Plaintiff in April 2018. Additionally, Plaintiff agreed to work for Defendant for an hourly wage and Defendants failed to pay Plaintiff all wages owed to him.

This Court should deny Defendant's motion to dismiss as Plaintiff's Amended Complaint provides Defendant with sufficient notice of the relief Plaintiff seeks. In fact, if Plaintiff proves the facts as alleged, then Defendant has violated Section 4311 of the USERRA and Plaintiff is entitled to relief. Thus, Plaintiff Complaint sufficiently alleged violations under the USERRA and for unpaid wages under Florida common law and as such, this Court should deny Defendant's Motion to Dismiss as Plaintiff has more than adequately alleged a cause of action.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a reservist for the United States military, as such he serves in the uniformed services.[1] As stated in Plaintiff's Amended Complaint, Defendant, PIRTEK USA LLC, is a foreign limited liability company organized under the laws of Delaware, and operates a hydraulic repair facility in, Tampa, Hillsborough County, Florida.

---

[1] All facts, unless specifically noted otherwise, are from Plaintiff's Amended Complaint. (*See* Doc. # 14).

Defendant, FLORIDA RESOURCE MANAGEMENT LLC, is a Florida limited liability company and operates a Professional Employer Organization in Sarasota, Sarasota County, Florida.

At all times material, Defendants, HYDRAULIC HOSE OF HILLSBOROUGH LLC d/b/a PIRTEK East Bay and FLORIDA RESOURCE MANAGEMENT LLC were "employers" of Plaintiff by virtue of the contractual business arrangements within the meaning of the USERRA, 38 U.S.C. § 4303(4)(A)(i).

Defendant, FLORIDA RESOURCE MANAGEMENT LLC exercises control over almost all aspects of Defendant's, HYDRAULIC HOSE OFHILLSBOROUGH LLC d/b/a PIRTEK East Bay, human resources-related functions, an employment-related responsibility. At all times material, Defendant, PIRTEK USA LLC, is a successor in interest, and as such, an "employer" of Plaintiff as defined by the USERRA, 38 U.S.C. § 4303(4)(A)(iv). Defendant, HYDRAULIC HOSE OF HILLSBOROUGH LLC d/b/a PIRTEK East Bay is a franchise, or formerly was a franchise, of Defendant, PIRTEK USA LLC.

Plaintiff began employment with Defendants as a Field Service Technician in October 2017, and he worked in this capacity until April 2018. During Plaintiff's tenure with Defendant, Defendants discriminated against Plaintiff based on his service in the uniformed services and took adverse employment action against Plaintiff based on his duty of service. For example, Defendants complained when Plaintiff required time off work for training and service on or about April 2018. As a result of his request for time off to complete is required military service, Defendants terminated Plaintiff's

3

employment April 2018, in retaliation for Plaintiff exercising his rights under the USERRA by fulfilling his service duties.

As to Plaintiff's unpaid wage count, Plaintiff alleged that he worked for Defendant, and in exchange for Plaintiff's services, Defendants agreed to pay Plaintiff an hourly wage for his services. Nevertheless, Defendants failed to pay all agreed-upon wages that Plaintiff earned during his employment. As a result of Defendants' unlawful personnel and payroll practices, Plaintiff filed suit in this Court on August 21, 2018, alleging violations of the USERRA and for unpaid wages under Florida common law. (Dkt. 1).On September 24, 2018, Plaintiff filed an Amended Complaint and named PIRTEK USA LLC and FLORIDA RESOURCE MANAGEMENT LLC as Defendants. (Dkt. 14).

On October 17, 2018, Defendant, PIRTEK USA LLC, filed a Motion to Dismiss Plaintiff's Amended Complaint, or in the alternative, for a more definite statement. (Dkt. 26).

## ARGUMENT

## I.   LEGAL STANDARD ON MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County,* 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all

of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

In reviewing a complaint on a motion to dismiss under Fed. R. Civ. P. 12.(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 683 (11th Cir. 2001). A court reviewing a motion to dismiss must remember that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)).

Instead of attempting to challenge whether the complaint states a valid cause of action, the only attack legally possible at this stage, Defendant mounts an attack on the merits. This line of argument is completely inappropriate at the motion to dismiss stage. Nevertheless, Defendant has moved to dismiss the Complaint, claiming that Plaintiff has not provided enough information for Defendant to defend itself. Defendant's argument is inexplicable and lacks merit. Under any reading of the USERRA, Plaintiff meets and exceeds his pleading obligations as his Complaint is so thoroughly particularized that it must survive and Defendant's motion must be denied.

## II. **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE IT ATTEMPTS TO HOLD PLAINTIFF'S COMPLAINT TO A HEIGHTENED PLEADING STANDARD**

This Court should deny Defendant's Motion to Dismiss as it is nothing more than an attempt by Defendant to hold Plaintiff to a heightened pleading standard than what's required at the motion to dismiss stage. As the Supreme Court has explicitly held, a "heightened pleading standard in employment discrimination cases conflicts with the Fed. R. Civ. P. 8(a)(2)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002). "Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Id.* A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id.* "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be dismissed…" *Padjuran v. Aventura Limousine & Transp. Serv., 50*0 F. Supp. 2d 1359, 1361 (S.D. Fla. 2007) (quoting *Dorman v. Emerson Elec. Co., 23* F.3d 1354, 347 (8th Cir. 1994)) (emphasis added). "The court should not assess "whether a plaintiff will ultimately prevail but consider whether the claimant is entitled to offer evidence to support the claims." *Williams v. Jeremiah's Int'l Trading Co.,* CASE NO: 8:09-CV-152-T-30MAP, 2009 WL 1587216, at *1 (M.D. Fla. June 5, 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

This Court should deny Defendant's motion because Plaintiff has alleged the plausible facts necessary to sustain claims for unlawful retaliation in violation of USERRA and for unpaid wages under Florida common law. Here, Plaintiff was required to set forth a short and plain statement of the claim showing that he is entitled to relief, which he has done. Plaintiff has gone above and beyond the pleading requirements and

his Amended Complaint unquestionably provides Defendant with adequate notice of the claims brought and grounds upon which the particular claims are based. Further, Plaintiff should be allowed discovery to unearth additional facts in support of his claim. Plaintiff has alleged that shortly after requesting time off to fulfill his service requirements, Defendants, *inter alia*, terminated his employment. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, this Court should reject Defendant's attempt to hold Plaintiff to a heightened pleading standard and deny Defendant's motion to dismiss or, in the alternative, for a more definitive statement so that Plaintiff can properly engage in discovery and develop his case against Defendants.

### III. THIS COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF SUFFICIENTLY STATED A CLAIM OF RETALIATION IN VIOLATION OF USERRA

Congress enacted USERRA to prohibit employment discrimination on the basis of military service as well as to provide prompt reemployment to those individuals who engage in non-career service in the military. *See* 38 U.S.C. §§ 4301, 4311. "Section 4311 prohibits employers from discriminating against employees on the basis of military service and retaliating against individuals[.]" *Washington v. Blue Grace Logistics, L.L.C.*, No. 8:16-cv-1281-T-27TGW, 2018 U.S. Dist. LEXIS 1712, at *4 (M.D. Fla. Jan. 3, 2018) (citing *Coffman v. Chugach Support Servs.*, 411 F.3d 1231, 1234 (11th Cir. 2005). The plain language of Section 4311 states that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a

> uniformed service shall not be denied initial employment, reemployment, **retention in employment**, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(b) (emphasis added).

Additionally, Section 4311(b) of the USERRA prohibits employers from taking adverse employment actions against employees who seek to enforce USERRA's protections. 38 U.S.C. § 4311(b). An employer who takes an adverse action against an employee who exercises a right under USERRA has engaged in retaliatory conduct unless the employer shows it would have taken the action in the absence of the employee's protected activity. 38 U.S.C. § 4311(b)-(c); *Blue Grace Logistics, L.L.C.*, 2018 U.S. Dist. LEXIS 1712, at *6-7. The requisite discriminatory motive for a USERRA retaliation claim can be inferred from a variety of circumstances. *Id.* at *7. As such, Plaintiff may meet his burden by showing a close temporal proximity between his protected activity and the adverse employment action. *Id.*

For example in *Blue Grace Logistics, L.L.C.*, the Court denied Defendant's motion for summary judgment in a factually-similar case. In *Blue Grace Logistics*, the plaintiff notified his supervisor, that he was required to attend two weeks of annual training with the U.S. Navy Reserves. *Id.* at *7-8. Plaintiff took his annual training, but before he could return to work, he was terminated. *Id* at 8. The Court held that Plaintiff was in the process of exercising his rights under section 4312 when he was terminated, and that the temporal proximity between his exercise of those rights and the adverse employment action is very close. *Id.* (quotation marks and citation omitted).

A reasonable jury could therefore find that Plaintiff exercised a right under USERRA, his participation in his annual military training in March 2016

was a motivating factor in his termination, and that Defendant did not have a legitimate reason to do. There are material disputed facts which preclude summary judgment. Whether Defendant retaliated against Plaintiff in violation of USERRA will therefore be determined by the jury.

*Id* at 10. (citations omitted).

This case is at the motion to dismiss stage and not at the summary judgment stage. Nevertheless, the reasoning from *Blue Grace Logistics* is applicable to Plaintiff's case. Here, as in *Blue Grace Logistics*, Plaintiff's amended complaint alleged, in pertinent part, that: (1) Plaintiff is a reservist for the United States military. (Doc. #14 at ¶18); (2) Defendants discriminated against Plaintiff based on his service in the uniformed services and took adverse employment action against Plaintiff based on his duty of service. (Doc. #14 at ¶19); (3) Defendants complained about Plaintiff's status as a reservist when Plaintiff required time off work for training and service on or about April 2018. (Doc. #14 at ¶21); and (4) Defendants ultimately terminated Plaintiff's employment April 2018, in retaliation for Plaintiff exercising his rights under the USERRA by fulfilling his service duties. (Doc. #14 at ¶22).

As in *Blue Grace Logistics*, the temporal proximity between Plaintiff engaging in protected protected activity (fulfilling his service requirements) and the adverse employment action he suffered (his termination) is very close. Plaintiff's complaint alleged that he was terminated on or about April 2018, the same month that he requested time off to fulfil his service requirements. At this stage of the proceedings, this is all that is required to state a claim pursuant to 38 U.S.C. § 4311(b). As such, this Court should deny Defendant's motion to dismiss as Plaintiff has adequately pled a plausible claim of retaliation under the USERRA.

**A.     Plaintiff Sufficiently Pled that Defendant Pirtek USA LLC is an "Employer" Under USERRA.**

USERRA prohibits discrimination against individuals on the basis of their service in the uniformed services of the United States. *See* 38 U.S.C. § 4301(a)(3). USERRA requires the individual who seeks to enforce its provisions to have been an employee of the defendant company. *Id*. Under USERRA, an employer is "**any person, institution, organization, or other entity** that pays salary or wages for work performed or that has control over employment opportunities… including **any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph**" 38 U.S.C. § 4303(4)(A) (emphasis added). In 2010, Congress codified the factors that are to be used to determine whether an entity is a successor in interest for the purposes of USERRA in the Veterans Benefits Act of 2010. The factors necessary to determine whether an entity, such as Defendant, is a "successor in interest" are as follows:

> Whether the term "successor in interest" applies with respect to an entity described in subparagraph (A) for purposes of clause (iv) of such subparagraph shall be determined on a case-by-case basis using a multi-factor test that considers the following factors:
>
> (I)     Substantial continuity of business operations.
>
> (II)    Use of the same or similar facilities.
>
> (III)   Continuity of workforce.
>
> (IV)    Similarity of jobs and working conditions.
>
> (V)     Similarity of supervisory personnel.
>
> (VI)    Similarity of machinery, equipment, and production methods.
>
> (VII)   Similarity of products or services.

(ii) The entity's **lack of notice or awareness of a potential or pending claim** under this chapter at the time of a merger, acquisition, **or other form of succession shall not be considered** when applying the multi-factor test under clause (i).

38 U.S.C. § 4303 (4)(D) (emphasis added). To further solidify the intent of Congress and the purpose of USERRA, a companion regulation, 20 C.F.R. § 1002.36, enacted in 2006, provides that "it is not necessary for an employer to have notice of a potential reemployment claim at the time of merger, acquisition, or other form of succession." *Id.*

Defendant's motion to dismiss is contradictory in nature and demonstrates a fundamental misunderstanding of the USERRA, Plaintiff's Amended Complaint, and the basic principles of statutory interpretation. Contrary to Defendant's assertions, the issue of whether successor liability exists should not be determined in a vacuum. *Leib v. Ga.-Pac. Corp.*, 925 F.2d 240, 244 (8th Cir. 1991). As the Supreme Court has stated, [t]here is, and can be, no single definition of "successor" which is applicable in every legal context. A new employer, in other words, may be a successor for some purposes and not for others. *Howard Johnson Co. v. Det. Local Joint Exec. Bd.*, 417 U.S. 249, 262 n.9, 94 S. Ct. 2236, 2243 (1974). In furtherance of its attempt to hold Plaintiff to a higher pleading standard than what is required at the motion to dismiss stage in employment cases, Defendant states that, in order to state a claim for retaliation claim against Defendant Pirtek USA LLC under USERRA, "Plaintiff must have alleged that [Defendant Pirtek USA LLC] is the successor in interest to another entity that meets the definition of "employer" under Section 4303(4)(A). Plaintiff has not made such an allegation." (Doc. #26 at ¶ 4). However even a cursory review of Plaintiff's Amended Complaint reveals that Plaintiff pled that he worked for Defendant, Hydraulic Hose of

Hillsborough LLC d/b/a PIRTEK East Bay, that Defendants were an "employer" within

the meaning of USERRA, 38 U.S.C. § 4303(4), and at all times material, Defendant,

PIRTEK USA LLC, is a successor in interest and is or was a franchisor of Defendant,

Hydraulic Hose of Hillsborough LLC d/b/a PIRTEK East Bay. This alone is all that is

needed at this stage in the proceedings to survive a motion to dismiss.

> In support of its faulty assertions, Defendant states that:
>
> USERRA's definition of "employer" is limited to the persons or entities listed in Section 4303(4)(A) and the United States Congress did not include "franchisors or former franchisors of employers" within that list. If the United States Congress intended to expand "employer" or "successor in interest" liability under USERRA to any "franchisor of an employer," then it would have done so expressly.

(Doc. # 26 at ¶ 5). Defendant misunderstands the plain language of USERRA because

rather than being exclusive, the language is incredibly inclusive. In support of its faulty

assertions, Defendant improperly cites, in a footnote, the legal maxim of *expressio unius*

*est exclusio alterius* in support of its argument that because Congress did not explicitly

mention "franchisors" this type of business relationship is not covered under the

USERRA. (Doc. # 26 at ¶ 5, n. 2).

Defendant's argument not only lacks merit, but defies logic because, under

Defendant's reading of the statute, **nobody would be an employer under USERRA**. For

example, the statute doesn't state that "a successor in interest is the following entities"

but instead states "[w]hether the term "successor in interest" applies with respect to an

entity… **shall be determined on a case-by-case basis** using a multi-factor test… 38

U.S.C. § 4303 (4)(D) (emphasis added). Courts recognize that USERRA "is to be

liberally construed for the benefit of those who left private life to serve their country,"

*Coffman*, 411 F.3d at 1238 (citing *Leib v. Ga.-Pac. Corp.*, 925 F.2d 240, 245 (8th Cir. 1991)).

Further**,** although Defendant failed to include any authoritative or persuasive case law to support in conclusory and unsupported assertions, Defendant cites a portion of 20 C.F.R. § 1002.35. As explained further explained herein, this regulation has now been codified by 38 U.S.C. § 4303 (4)(D), which states that "[i]n general, an employer is a successor in interest where there is a substantial continuity in operations, facilities, and workforce **from the former employer**" (Doc. #26 at ¶ 6) (emphasis in original). Defendant states that "[i]f [Defendant Hydraulic Hose of Hillsborough LLC d/b/a PIRTEK East Bay Hydraulic Hose] is still an operating business, it is not plausible that [Defendant, PIRTEK USA LLC] is a "successor in interest" to Hydraulic Hose." *Id*. Yet the next sentence of the very same regulation includes almost exactly the same language as 38 U.S.C. § 4303 (4)(D): "[t]he determination whether an employer is a successor in interest must be made on a **case-by-case basis**…" (emphasis added).

### 1.   A merger or other transfer of assets is not required in order for a successor in interest to be considered an employer pursuant to USERRA.

The federal policy underlying USERRA strongly disfavors making a merger or transfer of assets the *sine qua non* of successor liability. *Murphree v. Commun. Techs., Inc.*, 460 F. Supp. 2d 702, 708 (E.D. La. 2006). Although the term "successor in interest" is now defined in 38 U.S.C. 4303(4)(A)(D), the history of the definition's codification is relevant. Prior to 2010, Congress did not define "successor in interest" under USERRA. Although the term successor in interest was not defined by statute or regulation, the legislative history of USERRA indicates that Congress' intent was for courts to apply the

multifactor analysis set forth in *Leib v. Georgia-Pacific Corp*. "[t]he Committee intends that the multi-factor analysis utilized by the court in [Leib] is to be the model for successor in interest issues . . . ." H.R. Rep. No. 103-65, reprinted in 1994 U.S.C.C.A.N. 2449 at 2454; *Murphree*, 460 F. Supp. 2d at 708. In 2005, the Eleventh Circuit decided *Coffman*, 411 F.3d 1231, which was decided before the Labor Department promulgated its regulations in 2006. Here, the Eleventh Circuit added a threshold requirement to the *Leib* factors. *Id.* at 1237. The court required a plaintiff, as a threshold matter, to demonstrate privity in the form of a merger or transfer of assets prior to reaching the *Leib* factors. *Id.* (citing *Leib v. Ga.-Pac. Corp.*, 925 F.2d 240, 245 (8th Cir. 1991)).

In response to cases like *Coffman*, shortly thereafter, the Department of Labor ("DOL") Office of the Assistant Secretary for Veterans' Employment and Training promulgated 20 C.F.R. § 1002.35 in 2006. 20 C.F.R. § 1002.35 provided a more lenient test for successor in interest. Furthermore, in 2010, Congress codified the definition of successor in interest in the Veterans Benefits Act of 2010. The definition of "successor in interest" mirrors the DOL's definition from 20 C.F.R. § 1002.35. The importance of statute is that it textually overrules the Eleventh Circuit's threshold requirement. In other words, the regulation was far friendlier to the service member.

Despite the plan text of 38 U.S.C. 4303(4)(A)(D), Defendant states in support of its argument that Defendant Pirtek USA LLC is not an employer under USERRA because it is not a successor in interest. Defendant alleges that "Plaintiff's Amended Complaint does not allege that [Defendant Pirtek USA LLC] **purchased** or **otherwise engaged** in a **corporate transaction** that would somehow result in [Defendant Pirtek USA LLC] being the "successor in interest" **to the assets or liabilities** of the **former** employer, [Hydraulic

Hose of Hillsborough LLC d/b/a PIRTEK East Bay Hydraulic Hose].” (Doc. #26 at ¶ 7). Once again Defendant ignores the plain language of USERRA, and its corresponding regulations, because a merger or transfer of assets is not a prerequisite to successorship under USERRA. “[T]he disjunctive language of the regulation establishes that a merger or acquisition is not required. The language “**other form of succession**” recognizes a residual category in which a party can become a successor-in-interest without a merger or acquisition. *Murphree*, 460 F. Supp. 2d at 708 (emphasis added). In *Murphree*, the court held that while the existence of a merger or transfer of assets can be relevant, it is not determinative of the successor-in-interest issue.

Additionally, although *Coffman* was textually overruled by Congress with 38 U.S.C. 4303(4)(A)(D), it’s important to note that it was decided on a motion for summary judgment phase. Here, Plaintiff’s case is merely at the motion to dismiss stage and, at this point, all the Court must determine is whether “the claimant is entitled to offer evidence to support the claims,” not whether the Plaintiff can ultimately prove the facts alleged in the initial complaint. *Swierkiewicz*, 534 U.S. at 511, 122 S. Ct. 992. In fact, the district court in *Coffman* denied the defendant’s motion to dismiss, holding that the plaintiff alleged that defendant was an employer because he was a successor in interest. *See Coffman v. Chugach Support Servs.*, Inc., No. 03-CV-0029 (N.D. Fla. Oct. 27, 2003).

Finally, the issue of whether an employer is a successor in interest is a common question in other federal labor laws and the Supreme Court has developed a federal common law successor liability doctrine applicable to certain federal labor laws. This federal common law successor liability doctrine now extends to almost every federal labor statute. *Cuervo v. Airport Servs.*, 984 F. Supp. 2d 1333, 1337 (S.D. Fla. 2013). “The

rationale behind the extension of successor liability is to prevent labor unrest or to protect workers' rights." *Id.* (citing T*eed v. Thomas & Betts Power Sols., L.L.C., 711* F.3d 763, 766 (7th Cir. 2013)).

> In either case, imposing successor liability furthers the relevant labor statute's goals because workers are not able to stop a sudden change in ownership aimed at extinguishing their employer's liability to them, and they would likely be left without a remedy unless they could invoke the successor liability theory.

*Id.* This rationale has been extended by the Eleventh Circuit to another federal employment statute. In *In re National Airlines, Inc.*, the Eleventh Circuit readily found that the Supreme Court's successor liability doctrine for NLRA cases applied to a Title VII action. *Nat'l Airlines*, 700 F.2d 695, 698 (11th Cir. 1983). And in a later case, it stated that *In Re National Airlines, Inc.* stands for the proposition that "whether a successor corporation should be liable for the unfair labor practices of its predecessor" is based on the Supreme Court's successor liability test for federal labor law cases. *Id.* . . . "[H]aving a distinct federal standard applicable to federal labor and employment statutes . . . [is] often . . . necessary to achieve the statutory goals [of those laws] because the workers will often be unable to head off a corporate sale by their employer aimed at extinguishing the employer's liability to them". *Teed v. Thomas & Betts Power Sols., L.L.C., 71*1 F.3d 763, 766 (7th Cir. 2013).

The approach to successor liability taken by Family Medical Leave Act ("FMLA") is similar to USERRA, which are in turn similar to the approach to successor liability taken under Title VII case law. Title VII case law applies a policy-driven approach to successor liability developed from federal labor law cases. *Golden State Bottling Co. v. NLRB*, 414 U.S. 168 (1973). Additionally, like USERRA, the FMLA specifically defines the term

"employer" to include "successors in interest". 29 U.S.C. § 2611(4)(A)(ii) (2012). As stated herein, the regulations under the FMLA were adopted from the successor test from Title VII case law (29 C.F.R. § 825.107). The test under Title VII case law originates in federal labor law, and federal labor law cases do not require a merger or transfer of assets as a precondition to impose successor liability.

Here, Plaintiff's Amended Complaint states that at all times material hereto, Defendants were an "employer" within the meaning of the USERRA, 38 U.S.C. § 4303(4) and that at all times material, Defendant, PIRTEK USA LLC, is a successor in interest, and as such, an "employer" of Plaintiff as defined by the USERRA, 38 U.S.C. § 4303(4)(A)(iv). Defendant, HYDRAULIC HOSE OF HILLSBOROUGH LLC d/b/a PIRTEK East Bay is a franchise, or formerly was a franchise, of Defendant, PIRTEK USA LLC.

Under the liberal pleading requirements of the Federal Rules of Civil Procedure, these facts are all that is needed to survive a motion to dismiss. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship,* 563 F. Supp. 566, 569 (D.D.C. 1983). As the court held in a case concerning the FLSA, "[t]o be sure, Plaintiffs' amended complaint is a little light on the specifics of how Proficient took over ASI's operations, i.e., purchase agreement, transfer of assets, etc. But Plaintiffs are not required to allege that level of detail to survive a motion to dismiss." *Cuervo*, 984 F. Supp. 2d at 1340; *see also Ulrey v. Twiss Transp., Inc.*, No. 8:02-CV-2082-T-27MAP, 2004 U.S. Dist. LEXIS 6143, 2004 WL 741380 (M.D. Fla. Jan. 30, 2004) (granting plaintiff's motion to add successor company to age discrimination suit and finding the plaintiff's factual allegations sufficient).

Accordingly, Defendant's motion to dismiss Count I of Plaintiff's Amended Complaint must be denied.

## IV.     THIS COURT SHOULD DENY DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512, 122 S. Ct. 992; *accord Atchison, T. & S.F.R. Co. v. Buell, 480* U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512, 122 S. Ct. 992. Courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., T*owers Tenant Ass'n, 563 F. Supp. at 569 (denying motion for more definite statement because details such as "dates, times, name and places" are "the central object of discovery, and need not be pleaded.").

Rule 12(e) of the Federal Rules of Civil Procedure provides, in part, that: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for more definite statement are viewed with disfavor and are rarely granted. *See, e.g., A*ventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. Pshp., 941 F. Supp. 1189, 1995 (S.D. Fla. 1996) ("Federal courts generally disfavor such motions."); *Butler v. Matsushita Commun. Indus. Corp.*, 203 F.R.D. 575, 584 (N.D. Ga. 2001) (noting that

class of pleadings that are appropriate subjects for a Rule 12(e) motion is "quite small"). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Aventura Cable Corp.*, 941 F. Supp. at 1195; *see also SEC v. Dig. Lightwave*, 196 F.R.D. 698, 700 (M.D. Fla. 2000) (touchstone for Rule 12(e) motion is unintelligibility, not lack of detail). Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Campbell v. Miller*, 836 S. Supp. 827, 832 (M.D. Fla. 1993) (citations omitted). A motion for more definite statement is not a substitute for discovery. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000).

Defendants are seeking a more definite statement in order to gain additional facts and clarity on the case in general. Defendants, however, do not express that the Amended Complaint is so unintelligible that a responsive pleading cannot be framed. As such, a sufficient basis for a more definite statement has not been shown, and the motion must therefore be denied.

## V.   PLAINTIFF'S AMENDED COMPLAINT SUFFICENTLY PLED A CAUSE OF ACTION FOR UNPAID WAGES PURSUANT TO FLORIDA COMMON LAW

This Court should deny Defendant's Motion as Plaintiff's Amended Complaint adequately alleges a cause of action for unpaid wages under Florida common law. An action for recovery of unpaid wages in Florida is based on common law contract principles. *See, e.g., Short v. Bryn Alan Studios, Inc.,* No. 8:08-CV-145-T-30TGW, 2008 U.S. Dist. LEXIS 42308 (M.D. Fla. May 28, 2008); *Martin v. Golden Corral Corp.*, 601

So. 2d 1316 (Fla. 2d DCA 1992). An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages. *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). In this case, Plaintiff alleged: (1) Plaintiff worked for Defendants; (2) Defendants agreed to pay Plaintiff an hourly wage for his services; (3) Defendants failed to pay Plaintiff all wages owed to him; and (4) as a result, Plaintiff has suffered damages. These facts are sufficient to state a cause of action for unpaid wages and this Court should deny Defendant's motion to dismiss Count II of Plaintiff's Amended Complaint.

## VI.    LEAVE TO AMEND

If the Court determines that the Amended Complaint should be dismissed for failure to sufficiently allege a cause of action against Defendant Pirtek USA LLC upon which relief can be granted, Plaintiff hereby requests that the dismissal be without prejudice, and that the Court permit a reasonable time in which to file a Second Amended Complaint. Rule 15, Fed. R. Civ. P.; *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239-40 (11th Cir. 2000). In this case, allowing Plaintiff to amend his complaint would not be futile as Plaintiff has acquired facts that further flesh out Defendant's role as a successor in interest, an employer, whether the aforementioned franchise is still in business, and the general nature of the relationship between the parties.

## CONCLUSION

**WHEREFORE**, for all the aforementioned reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss and motion for a more definite statement as Plaintiff has satisfied the requirements of Rule 8 and has properly pled each claim in his Complaint. Consequently, this Court should deny the Defendant's Motion to Dismiss.

**DATED** this 31stday of October, 2018.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: (813) 224-0431
Direct Dial: (813) 379-2565
Facsimile: (813) 229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of October, 2018, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system to parties of record.

_____
**LUIS A. CABASSA**